COMMONWEALTH vs. LEONARD BROWN.

Upon an indictment against two for being common sellers of intoxicating liquors " in a building then and there used by them as a shop," one may be convicted.

INDICTMENT on St. 1855, c. 215, § 17, against this defendant and Thomas Peach, for being common sellers of intoxicating liquors " in a building then and there used by them as a shop."

At the trial in the court of common pleas, before Perkins, J., the district attorney entered a nolle prosequi as to Peach.  The defendant's counsel requested the court to instruct the jury " that, the offence being charged against both defendants jointly, in a place kept by both jointly, one could not be convicted without proof that the building was kept by both, as alleged in the indictment."  But the court instructed the jury that the indictment was sufficient to sustain a verdict against Brown ; and he, being found guilty, alleged exceptions.

W. D. Northend, for the defendant, cited Young v. The King, 3 T. R. 103 ; Indictment, 2 Rol. R. 345 ; 2 Hale P. C. 174 ; The King v. Kingston, 8 East, 46, 48 ; Bac. Ab. Indictment G. 5 ; Commonwealth v. Mc Chord, 2 Dana, 242.

S. H. Phillips, (Attorney General,) for the Commonwealth, cited Commonwealth v. Slate, 11 Gray, 60 ; Regina v. Dovey, 2 Denison, 86.

BY THE COURT.  It is a well established principle, in all cases, civil as well as criminal, that a charge in tort against two is several as well as joint, against all and each of them.  All or part may be convicted, and all or part may be acquitted.

Exceptions overruled.